IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | : | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS | : | Master File No. 12-md-02311 |
| ANTITRUST LITIGATION | : | Hon. Marianne O. Battani |
| | : | |
| | : | |
| IN RE: SWITCHES | : | 2:13-cv-01302-MOB-MKM |
| IN RE: STEERING ANGLE SENSORS | : | 2:13-cv-01602-MOB-MKM |
| IN RE: HID BALLASTS | : | 2:13-cv-01702-MOB-MKM |
| | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| | : | |
| ALL AUTOMOBILE DEALER ACTIONS | : | |
| | : | |

**ORDER GRANTING AUTOMOBILE DEALER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT WITH <u>PANASONIC</u> <u>AND PROVISIONAL CERTIFICATION OF SETTLEMENT CLASSES</u>**

Upon consideration of Automobile Dealer Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with Panasonic Corporation and Panasonic Corporation of North America (together, "Panasonic") and Provisional Certification of Settlement Classes ("Motion"), it is hereby **ORDERED** as follows:

1.  The Motion is hereby **GRANTED**.

2.  Unless otherwise set forth herein, defined terms in this Order shall have the same meaning ascribed to them in the Settlement Agreement.

Preliminary Approval of Settlement Agreement

3.  The terms of the Settlement Agreement are hereby preliminarily approved, including the release contained therein, as being fair, reasonable, and adequate to the Settlement Classes, subject to a Fairness Hearing. The Court finds that the Settlement Agreement was

entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given, pursuant to a plan to be submitted by Settlement Class Counsel and approved by the Court at a later date as provided in this Order.

Class Certification

4. Pursuant to Federal Rule of Civil Procedure ("Rule") 23, and in light of the proposed settlement, the Court hereby finds that the prerequisites for a class action have been met and provisionally certifies the following classes for settlement purposes ("Settlement Classes"):

    a.    "Switches Settlement Class" is defined as:

> *All automobile dealers that, from January 1, 2000 through the Execution Date, (1) purchased new vehicles in the United States that included one or more Switch(es) as a component part, which were manufactured or sold by a Defendant, any current or former parent, subsidiary, or affiliate of Defendant or any co-conspirator of the Defendants, or (2) indirectly purchased one or more Switch(es), which were manufactured or sold by a Defendant, any current or former parent, subsidiary, or affiliate of Defendant or any coconspirator of the Defendants. Excluded from the Switches Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal government entities and instrumentalities of the federal government, and states and their subdivisions, agencies, and instrumentalities.*

    b.    "SAS Settlement Class" is defined as:

> *All automobile dealers that, from September 1, 2000 through the Execution Date, (1) purchased new vehicles in the United States that included one or more Steering Angle Sensor(s) as a component part, which were manufactured or sold by a Defendant, any current or former parent, subsidiary, or affiliate of Defendant or any coconspirator of the Defendants, or (2) indirectly purchased one or more Steering Angle Sensor(s), which were manufactured or sold by a Defendant, any current or former parent, subsidiary, or affiliate of Defendant or any co-conspirator of the Defendants. Excluded from the SAS Settlement Class are*

> *Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal government entities and instrumentalities of the federal government, and states and their subdivisions, agencies, and instrumentalities.*

    c.      "HID Ballasts Settlement Class" is defined as:

> *All automobile dealers that, from July 1, 1998 through the Execution Date, (1) purchased new vehicles in the United States that included one or more HID Ballast(s) as a component part, which were manufactured or sold by a Defendant, any current or former parent, subsidiary, or affiliate of Defendant or any co-conspirator of the Defendants, or (2) indirectly purchased one or more HID Ballasts(s), which were manufactured or sold by a Defendant, any current or former parent, subsidiary, or affiliate of Defendant or any coconspirator of the Defendants. Excluded from the HID Ballasts Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal government entities and instrumentalities of the federal government, and states and their subdivisions, agencies, and instrumentalities.*

    5.      The Court finds that provisional certification of the Settlement Classes is warranted in light of the Settlement Agreement because: (a) the Settlement Classes are so numerous that joinder is impracticable; (b) Automobile Dealer Plaintiffs' claims present common issues and are typical of the Settlement Classes; (c) Automobile Dealer Plaintiffs and Settlement Class Counsel (defined below) will fairly and adequately represent the Settlement Classes; and (d) common issues predominate over any individual issues affecting the members of the Settlement Classes. The Court further finds that Automobile Dealer Plaintiffs' interests are aligned with the interests of all other members of the Settlement Classes. The Court also finds settlement of this action on a class basis superior to other means of resolving the matter.

<u>Appointment of Settlement Class Counsel</u>

    6.      The Court hereby appoints Mantese Honigman Rossman and Williamson, P.C., Cuneo Gilbert & LaDuca, LLP, Barrett Law Group, P.A., and Larson King, LLP as Settlement

Class Counsel, having determined that the requirements of Rule 23(g) are fully satisfied by this appointment.

7.      Each Automobile Dealer Plaintiff class representative named in the Complaint will serve as Automobile Dealer Plaintiff class representative on behalf of the Settlement Classes.

## Notice to Potential Class Members

8.      Prior to the Fairness Hearing, Settlement Class Counsel shall provide notice of the Settlement Agreement and the Fairness Hearing to all entities affected by and/or entitled to participate in the Settlement Agreement in compliance with the notice requirements of Rule 23 and due process of law. Such means of providing notice will be addressed in a subsequent Order following submission by Automobile Dealer Plaintiffs at a later date of a proposal for notice to the Settlement Classes and related forms for notice, claims and distribution ("Notice Motion").

9.      The Notice Motion shall include a proposed form of, method for, and date of dissemination of notice and the date on which the notice is mailed shall be the "Notice Date."

## Other Provisions

10.     In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo and rights of Automobile Dealer Plaintiffs, Panasonic, and the members of the Settlement Classes.

11.     The Court's provisional certification of the Settlement Classes as provided herein is without prejudice to, or waiver of, the rights of any Defendants to contest certification of any other class proposed in these coordinated actions. The Court's findings in this Order shall have

no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's ruling(s) concerning any Defendant's motion; and no party may cite or refer to the Court's approval of the Settlement Classes as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

12. The Court approves the establishment of three escrow accounts—one for each of the Settlement Classes—under the Settlement Agreement as qualified settlement funds ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. Settlement Class Counsel are, in accordance with the Settlement Agreement, authorized to expend funds from the QSF for the payment of the costs of notice, payment of taxes, and settlement administration costs.

13. The litigation against Panasonic is stayed except to the extent necessary to effectuate the Settlement Agreement.

Date: April 10, 2015            s/Marianne O. Battani
                                MARIANNE O. BATTANI
                                United States District Judge